IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

---

JOHN C. MITCHELL, II and
BONNIE W. MITCHELL,

      Plaintiffs,

v.                                                              No: 3:23-cv-00140
                                                              JURY DEMANDED

AUTO-OWNERS
INSURANCE COMPANY,

      Defendant.

---

## PLAINTIFFS' FIRST AMENDED COMPLAINT
---

COME NOW the Plaintiffs, John C. Mitchell II and Bonnie W. Mitchell, by and through counsel, pursuant to Fed. R. Civ. P. 15(a)(1)(B), and submits the following for their First Amended Complaint against Auto-Owners Insurance Company as follows:

### PARTIES AND JURISDICTION

1. John Mitchell and Bonnie Mitchell ("Plaintiffs") are residents of Blount County, Tennessee. At all times relevant hereto, Plaintiffs were the owners of the realty, dwelling, and personal property located at 7112 Pilgrims Pathway, Tallassee, TN 37878 (the "Insured Premises").

2. Defendant Auto-Owners Insurance Company ("Defendant") is a corporation organized and existing under the laws of the State of Ohio with its principal place of business in the state of Michigan. Defendant is actively engaged in the insurance business in the state of Tennessee, including but not limited to Blount County, Tennessee.

3. This First Amended Complaint originates as the result of a severe windstorm that caused substantial insured losses to the structures and other insured property located on the Insured Premises and Defendant's failure to promptly and fully pay Plaintiffs' insurance claim.

4. Jurisdiction and venue are proper in this Court.

## FACTS

5. At all times relevant hereto, Plaintiffs were insured pursuant to an insurance contract whereby Defendant agreed to insure Plaintiffs' dwelling and personal property located at the Insured Premises against property damage, bearing Policy No. 48-268-718-00 (the "Policy"). The Policy's term was from January 12, 2022, to January 12, 2023. A copy of the Policy is attached hereto as **Exhibit A**.

6. At the time of the Loss (as defined below), Plaintiffs owned the Insured Premises, which consisted of a dwelling and the personal property located therein.

7. The Policy provided insurance coverage for direct physical loss of or damage to the dwelling and personal property located on the Insured Premises and such other insurance coverage as specifically set forth in the Policy.

8. The Policy covered loss of or damage to covered property caused by wind.

9. Pursuant to the Policy, Plaintiffs paid an annual premium to Defendant in exchange for insurance coverage. Plaintiffs paid the required premiums at all times relevant to this Complaint.

10. On or about March 30, 2022, or at other times during the policy period, the Insured Premises was damaged by a severe windstorm, resulting in substantial and direct physical loss to the dwelling and personal property located therein. The direct physical loss and damage to the building and personal property at the Insured Premises shall hereafter be referred to as the "Loss."

11. Plaintiffs promptly reported the Loss to Defendant upon their discovery of the Loss.

12. Plaintiffs fulfilled all of the duties after the Loss that were imposed upon them by the Policy to the satisfaction of Defendant.

13. As it relates to the Loss, there is no applicable exclusion. The Loss is a compensable claim under the Policy.

14. Defendant acknowledged that the Loss is a compensable claim and made partial payments on the claim.

15. Plaintiffs disputed the amount of the loss calculated by Defendant and subsequently invoked the appraisal clause found within the Policy to have an independent appraisal panel determine the amount of loss for this claim.

16. Currently, the appraisal process is ongoing, and the Plaintiffs wish for the appraisal process to continue in the normal course of business in determining the amount of loss for this insurance claim.

17. With respect to legal actions against Defendant, the Policy provides that Plaintiffs may not bring a legal action against [Defendant] unless the "suit [is] brought within one year after the loss or damage occurs."

18. When the one-year mark from the date of the Loss approached, Plaintiffs' representatives requested that Defendant enter into a Tolling Agreement which would toll the one-year contractual statute of limitations to provide more time for the appraisal panel to determine the amount of loss for this insurance claim. Defendant declined to enter into a tolling agreement and this litigation ensued.

19. On March 30, 2023, Plaintiffs filed a lawsuit against Defendant in Blount County, Tennessee. That lawsuit was removed to this Court by Defendant on or about April 21, 2023.

20. Defendant has severely and wrongfully underpaid Plaintiffs for their Loss without a justifiable basis.

21. Defendant's failure to timely pay Plaintiffs the amount owed pursuant to the Policy is without justification.

22. Defendant's failure to pay the money and benefits due and owing Plaintiffs under the Policy has caused Plaintiffs to initiate this First Amended Complaint to recover the insurance proceeds to which they are entitled.

23. As a direct and proximate cause of Defendant's actions/inactions, Plaintiffs have sustained substantial compensable losses, including all amounts due Plaintiffs under the Policy and other such costs and expenses incurred as a result of Defendant's wrongful conduct.

## CAUSES OF ACTION

### Count 1 – Breach of Contract

24. The allegations contained in the paragraphs above in this First Amended Complaint are incorporated herein by reference as if set forth verbatim.

25. The Policy issued by Defendant is a binding contract and is supported by valid consideration.

26. Defendant is in total material breach of the Policy and is liable to Plaintiffs in the maximum amount allowed by the Policy for the Loss. Specifically, Defendant's breach of contract includes the following, without limitation: (a) Defendant's failure to promptly pay the amounts owed to Plaintiffs for the Loss pursuant to the insurance coverage afforded by the Policy; and (b) Defendant's failure to promptly and fully honor Plaintiffs' claim for insurance benefits.

27. As a result of Defendant's breach of contract, Plaintiffs have sustained substantial compensable losses for the amounts claimed under the Policy, plus consequential damages.

4

Case 3:23-cv-00140-CEA-JEM Document 12 Filed 05/10/23 Page 4 of 7 PageID #: 38

28. Defendant is liable to Plaintiffs for their losses.

29. Defendant's breach of contract was intentional, fraudulent, malicious, and/or reckless, therefore justifying an award of punitive damages. *See, e.g.*, *Riad. V. Erie Ins. Exchange*, 436 S.W.3d 256, 276 (Tenn. Ct. App. 2013). Specifically, Defendant intentionally, fraudulently, maliciously, and/or recklessly: (1) failed to effectuate a prompt and fair settlement of the claim when liability was reasonably clear; (2) refused and failed to conduct a reasonable, prompt, and fair investigation concerning the issues surrounding the claim for insurance proceeds; (3) unjustly refused and/or failed to pay the claim for its own financial preservation with no reasonable or justifiable basis; (4) failed to treat Plaintiffs' interests with equal regard to its own; (5) promised prompt action and claim-handling but then failed to provide reasonable and prompt payment for the insured losses; (6) failed and refused to fully and promptly pay Plaintiffs' valid claim; (7) forced Plaintiffs to file suit in order to enforce their rights under the Policy; (8) utilized biased outcome-oriented adjusters with the goal of denying Plaintiffs' claim; (9) Defendant's engaging in a systematic scheme designed to save money otherwise due and owing to Plaintiffs and other similarly situated insureds as a cost-saving mechanism; (10) ignoring obvious facts and circumstances that would lead to the conclusion that Plaintiffs' personal property claim should be fully paid; (11); undervaluing Plaintiffs' personal property and dwelling claim; and (12) such other facts and circumstances as alleged in this Lawsuit and/or to be shown at trial. Defendant knew, or reasonably should have known, that the Plaintiffs were justifiably relying on the money and benefits due under the terms of the Policy. Nevertheless, acting with conscious disregard for Plaintiffs' rights and with the intention of causing or willfully disregarding the probability of causing unjust and cruel hardship on Plaintiffs, Defendant consciously and intentionally denied a

portion of Plaintiffs' claim and withheld monies and benefits rightfully due Plaintiffs. Plaintiffs seeks, and are entitled to, punitive damages.

WHEREFORE, as a result of the foregoing, Plaintiffs would respectfully request that this Honorable Court award a judgment to Plaintiffs as follows:

    A.    For compensatory damages in an appropriate amount to be determined by the jury;

    B.    For punitive damages in an appropriate amount to be determined by the jury;

    C.    For all costs incurred by Plaintiffs as a result of this action;

    D.    For pre- and post-judgment interest; and

    E.    For such other further and general relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiffs demands a jury.

Respectfully submitted,

McWHERTER SCOTT & BOBBITT, PLC

s/William D. Buckley, III
WILLIAM ("TREY") D. BUCKLEY III #036304
trey@msb.law
341 Cool Springs Blvd, Suite 230
Franklin, TN 37067
Telephone: (615) 354-1144

*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and exact copy of the foregoing has been mailed electronically via the Court's Electronic Filing system to the following on this 10th day of May, 2023:

Matthew J. Evans, Esq.
Daniel C. Headrick
Kay Griffin, PLLC
900 S. Gay Street, Suite 1810
Knoxville, TN 37902
(865) 314-8422

s/William D. Buckley, III

7